# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Northern Division

| | |
|---|---|
| **DANIEL RAGAN** <br> 525 Aldino-Stepney Road <br> Aberdeen, Maryland 21001 <br> *Plaintiff*, <br> v. <br><br> **FEDERAL BUREAU OF INVESTIGATION NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM SECTION** <br> 935 Pennsylvania Avenue, NW <br> Washington, D.C. 20535 <br><br> **CHRISTOPHER WRAY** in his official capacity as the Director of the Federal Bureau of Investigation <br> 935 Pennsylvania Avenue, NW <br> Washington, D.C. 20535 <br><br> **MERRICK GARLAND** in his official capacity as the United States Attorney General <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue NW <br> Washington DC 20530 <br> *Defendants.* | **Civil Action No.:** 1:24-cv-02771 |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Daniel Ragen, by and through his attorneys, Roland S. Harris IV, COHENIHARRIS LLC, brings this complaint pursuant to 5 U.S.C. §§701-706 and 42 U.S.C. §1983. Plaintiff seeks declaratory and injunctive relief against Defendants Federal Bureau of Investigation (hereinafter F.B.I.) and the Department of Justice (hereinafter D.O.J.). In support of this complaint, Plaintiff alleges as follows:

1. The matter before this Honorable Court is unlike many of the cases this court hears. Most cases involve lengthy briefs comprised of various patchwork pieces of case law that a lawyer breathes life into and screams "it's alive" as they present their matter to the court. This is not that case. The matter before the court is based on a singular piece of seminal and long-standing case law that clearly lays out three factors that universally

weigh in favor of the Plaintiff. The failure of the F.B.I. to have a reliable system in place recognizing that Plaintiff is entitled to exercise his 2nd Amendment Constitutional Rights under federal law has forced Plaintiff to file this complaint.

2. The F.B.I. maintains a database known as the National Crime Information Center (hereinafter N.C.I.C.) that contains information submitted by various agencies across the United States.

3. A subdivision of N.C.I.C. is known as the National Instant Criminal Background Check System (hereinafter N.I.C.S.). N.I.C.S. is a part of the N.C.I.C. system the F.B.I. uses to make determinations as to whether a person is disqualified from possessing firearms under 18 U.S.C. §§§921, 922 and 924.

4. The F.B.I. is aware that the N.I.C.S. system is not infallible and has created a system known as a Voluntary Appeal (hereinafter V.A.) under which a person who finds that their firearm purchases are being denied or delayed due to N.I.C.S. or N.C.I.C. entries can request that the F.B.I. research their criminal history and determine whether information can be entered into their Voluntary Appeal File (hereinafter V.A.F) notifying those conducting background checks in the future that the prohibiting entry is in fact not prohibitive of firearms possession under federal law.

5. Plaintiff wishes to exercise his 2nd Amendment Constitutional Right to keep and bear arms.

6. Plaintiff is a resident of the State of Maryland and all events relevant to this claim occurred in the State of Maryland.

7. Plaintiff has obtained a copy of his N.I.C.S. record and it states that he has a "conviction for a crime punishable by imprisonment for more than 2 years" and continues asserting the date of arrest was September 20, 1976, the offense was Malicious Destruction of Property, Plaintiff received a sentence of 15 days confinement, 24 months of probation, a $250.00 fine with restitution to the victim and the confinement occurred in the State of Maryland.[1]

8. Plaintiff filed a VA. regarding his N.C.I.C./N.I.C.S. entry.

---

[1] In 1976 Malicious Destruction was prosecuted under Article 27, §111 and carried a maximum penalty of three years. Currently, the same offense is prosecuted under Maryland Criminal Law §6-301 and carries a maximum penalty of sixty days. See Exhibit 1 Copy of N.I.C.S. record noting the wayward entry at issue.

9. On March 15, 2024, Plaintiff received a response from the F.B.I. stating "[t]he F.B.I.'s Criminal Justice Information Services (C.J.I.S.) Division has processed your Voluntary Appeal File (V.A.F) request and has determined you are not eligible to be entered into the V.A.F. The record you matched contains information that falls under the following prohibitive category: Title 18, United States Code (U.S.C.), Sections §§921(a)(20) and 922(g)(l): "A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years."[2]

10. Nowhere in the F.B.I.'s denial letter does it reference the portion of 18 U.S.C. §921(a)(2O) where a person who has an otherwise prohibiting conviction may in fact not be prohibited due to a restoration of their civil rights.

11. The F.B.I.'s denial letter does not include any information pertaining to any investigation to determine whether Plaintiff has substantially restored his civil rights in accordance with federal law and simply makes a superficial finding denying Plaintiff his constitutional rights.

12. In 1976, the year in which Plaintiff was convicted of misdemeanor Malicious Destruction, the maximum penalty for his offense was three years. At that time the law of Maryland precluded anyone pending a criminal charge with a maximum penalty of more than six months from serving on a jury and barred for life anyone who was convicted of a criminal offense and received a sentence in excess of six months imprisonment.[3]

13. In 1976, Plaintiff was convicted a received a sentence of one year, suspending all but fifteen days and a period of probation and as a result was prohibited under Maryland law from serving on a jury.

14. In 2019, Maryland changed the juror qualifications.[4] The previous six-month bars were raised, setting the new threshold as more than one year. Meaning if a person was pending a criminal charge where the maximum penalty was more than one year or convicted of a criminal offense and received a sentence of more than one year they would be prohibited from jury service. This higher threshold restored Plaintiff's right

---

[2] See Exhibit 2 - Copy of the March 15, 2024, denial letter.
[3] See Exhibit 3 - Copy of Maryland Courts and Judicial Proceedings §8-207 entitled "Qualifications for jury service" which was in effect in 1976.
[4] See Exhibit 4 - Copy of Maryland's current law pertaining to jury service eligibility, Courts and Judicial Proceedings §8-103

to serve on a jury.

15. In the case of *US. v. Hassan El,* 5 F.3d 726, (1993) Hassan El asserted that he was not federally disqualified from the possession of firearms due to his convictions in the State of Maryland because his rights had been restored in Maryland despite Maryland not having a specific restoration of rights process. Hassan El had several previous convictions for assault. The United States Court of Appeals, 4th Circuit, looked at 18 U.S.C. §921(a)(20) and in line with previous rulings held that when determining if Hassan El has his civil rights restored the court must consider whether he (1) regained his right to vote, (2) to hold public office and (3) to serve on a jury after his conviction. The 4th Circuit concluded Hassan El could not serve on a jury under Maryland law and as a result found him to be prohibited from possessing firearms under federal law.

16. Plaintiff's N.I.C.S./N.C.I.C. entry is the result of an event that is alleged to have taken place in Maryland in 1976 and since that time Plaintiff lost and subsequently regained his right to serve on a jury and never lost his right to vote or serve in office.

17. Plaintiff is entitled to possess regulated firearms under Maryland law.

18. Plaintiff is not federally prohibited from possessing firearms.

## Jurisdiction

19. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343, 2201, 2202, and 42 U.S.C. §1983.

## Venue

20. Venue lies in this Court pursuant to 28 U.S.C. §1391, in that a substantial part of the events or omissions giving rise to the claims asserted here occurred in the District of Maryland.

## Parties

21. Plaintiff has been a Maryland resident at all times relevant to this action. Plaintiff is a 66-year-old father of two children, a grandfather of seven grandchildren, and is currently employed in a field he has been in since 1979. In Maryland, Plaintiff can vote, has been called for and served on a jury, and is eligible to run for Governor of Maryland.

22. Defendant, Federal Bureau of Investigation oversees the National Instant Criminal Background Check System (hereinafter N.I.C.S.). The F.B.I. refused to take appropriate action to remove the federal firearm disability from Plaintiff's federal background checks, namely N.I.C.S. and N.C.I.C.

23. Defendant, Christopher Wray is the Director of the Federal Bureau of Investigation (F.B.I.). Defendant Wray oversees the Federal Bureau of Investigation National Instant Criminal Background Check System Section and its policies and practices.
24. Defendant, United States Attorney General Merrick Garland is the chief law enforcement officer for the United States and head of the Department of Justice, which oversees Defendant, F.B.I.

**Facts Common to all Causes of Action**

25. Paragraphs 1 through 24 are incorporated as if stated herein.
26. Under 18 U.S.C. §922(g)(l) it is unlawful for any person to exercise any rights regarding firearms if they have been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.
27. Under 18 U.S.C. §921(a)(20), convictions for state level misdemeanor crimes are treated as disqualifying if the misdemeanor crime is punishable by more than two years.
28. 18 U.S.C. §921(a)(20) also provides that any conviction which has had civil rights restored shall not be considered a conviction for federal purposes, unless such a restoration of civil rights also expressly includes a prohibition against the possession of firearms.
29. Under Maryland's Constitution, Article II Sec. 5, a citizen of Maryland can serve as Governor of the State if they are 30 years of age or older and they have lived in Maryland for 5 years. Plaintiff meets both requirements and qualifies to serve as the Governor of Maryland.
30. Under Maryland Courts and Judicial Proceedings §8-103 a Maryland citizen with a conviction cannot serve on a jury if (1) they were found guilty of a crime with a potential punishment exceeding 1 year and (2) received a sentence of imprisonment in excess of 1 year. Plaintiff did not receive a sentence of imprisonment exceeding one year. Despite being prohibited from serving on a jury at the time of his conviction, his right to serve on a jury has since been restored under current Maryland law.
31. Maryland Election Law §3-102 declares that a person is disqualified from voter registration if they (1) have been convicted of a felony AND (2) is serving a court-ordered sentence of imprisonment for the conviction. Plaintiff is a legally registered voter in the State of Maryland and in fact has voted several times since 1976.

32. Maryland Public Safety §5-133 prohibits the possession of regulated firearms by anyone convicted of a disqualifying crime. The disqualifying crime definition relevant to the current case is found under Maryland Public Safety §5-101(g)(3) and describes such a crime as "a misdemeanor in the State that carries a statutory penalty of more than 2 years." Under Maryland law the maximum penalty used to determine whether a conviction is disqualifying is determined by the penalty at the time of the possession and not the penalty at the time of the conviction. *Maryland State Police v. McLean,* 197 Md. App. 430,440 (2011). In 2024, the maximum penalty for the crime the F.B.I. alleges prohibits Plaintiff from possessing firearms under federal law is now sixty days. Maryland Criminal Law §6-301(c). Plaintiff is not prohibited under Maryland law from possessing a regulated firearm.

33. In addition, Petitioner had his 1976 Maryland conviction for Malicious Destruction expunged under Maryland law which also would remove any firearm disability imposed on Plaintiff by the State of Maryland.[5]

## First Cause of Action
### Violation of Administrative Procedures Act 5 U.S.C. §706(2)(A)
### Against Defendant F.B.I. and Defendants Wray and Garland

34. Paragraphs 1 through 33 are incorporated as though fully stated herein.

35. Under 5 U.S.C. §706(2)(A), this Honorable Court shall set aside agency actions, findings and/or conclusions found to be arbitrary and capricious, an abuse of discretion or otherwise not in accordance with the law.

36. The Plaintiff is eligible for relief under 5 U.S.C. §706(2)(A) because he is personally aggrieved by the final decision of the F.B.I. and is being denied his Second Amendment Constitutional rights as a result.

37. The F.B.I.'s policy regarding Plaintiff's VA. is final as their March 15, 2024, letter clearly states.

38. The F.B.I.'s policy, which results in a failure to recognize Plaintiff's restoration of rights without any consideration of federal law as expressed in *Hassan-El,* is contrary to law.

39. Defendants' finding that Plaintiff is disqualified under 18 U.S.C. §921(a)(20) is

---

[5] See Exhibit 5-A copy of the Plaintiff's Petition for Expungement, copy of the Order for Expungement of Police and Court Records granting Plaintiff's Petition, and Certificates of Compliance notifying the court that the records have in fact been expunged in accordance with the order filed by the District Court of Maryland - Harford County, the State's Attorneys Office of Harford County, the Maryland Criminal Justice Information System and the Maryland State Police.

contrary to *Hassan-El* and therefore is arbitrary and capricious, an abuse of discretion and is not in accordance with the law.

40. Plaintiff respectfully requests that this Court declare that the F.B.I.'s refusal to recognize Plaintiff's restoration of rights violates Plaintiff's Second Amendment rights and is thus unconstitutional as applied to Plaintiff and enjoin the F.B.I. from refusing to give full force and effect to his restoration of rights. This Court should further order the F.B.I. to amend or change the N.I.C.S. and N.C.I.C. databases to give full effect to Plaintiff's restoration of rights.

41. Plaintiff respectfully requests attorneys' fees and costs under 28 U.S.C. §2412(d).

42. Any other relief this Court deems just and appropriate.

### Second Cause of Action
### Violation of the Second Amendment of the United States Constitution
### Against Defendants Wray and Garland

43. Paragraphs 1 through 42 are incorporated as though fully stated herein.

44. Plaintiff is within the definition of "the people" found in the Second Amendment of the United States Constitution and entitled to its protections.

45. Plaintiff had a restoration of rights in accordance with *Hassan-El* and 18 U.S.C. §921(a)(2), prior to the denial of his Second Amendment rights by the actions and declarations of the F.B.I.

46. By the Defendant F.B.I.'s continuing rejection or failure to recognize Plaintiff's restoration of rights, the Defendant F.B.I. has adopted a practice and policy that violates the Plaintiffs' individual rights under the Second Amendment to the United States Constitution.

47. The unconstitutional actions of the F.B.I. are subject to the direction and control of Defendants Garland and Wray and actions of the F.B.I., and Defendants Garland and Wray in failing to respect the 4th Circuit's ruling in *Hassan-El* are *ultra vires.*

48. Plaintiff respectfully requests that this Honorable Court grant declaratory and injunctive relief against the Defendants' Garland and Wray under *Ex parte Young,* 209 U.S. 123 (1908).

49. Plaintiff respectfully requests that this Court should declare that the F.B.I.'s and Defendants' Garland and Wray's refusal to recognize Plaintiff's restoration of rights is unconstitutional under the Second Amendment and enjoin Defendants Garland and Wray from refusing to give full force and effect to Plaintiff's restoration of rights.

50. Plaintiff respectfully requests that this Court should further order Defendants Garland and Wray to issue such directions or orders necessary to amend or change the N.I.C.S. database to give full effect to Plaintiff's restoration of rights under *Hassan-El.*

51. Plaintiffs respectfully request attorney's fees and costs pursuant to the Equal Access To Justice Act.

52. Any further relief as this Court deems just and appropriate.

                                               Respectfully Submitted,

*Roland S. Harris/km*
Roland S. Harris IV, Esquire #05235
**COHEN|HARRIS LLC**
40 York Road, 4th Floor
Towson, Maryland 21204
Ph. (888) 585-7979
Fx. (443) 773-0675
Roland@CohenHarris.com