UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DANIEL RAGAN,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-2771 |
| **FEDERAL BUREAU OF INVESTIGATION NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM SECTION,** *et al.*, | * * | |
| | * | |
| Defendants. | | |
| | * | |

**MEMORANDUM OPINION**

Plaintiff Daniel Ragan initiated the above-captioned action against Defendants Federal Bureau of Investigation (FBI) National Instant Criminal Background Check System (NICS) Section, the Director of the FBI in his official capacity; and the United States Attorney General in their official capacity on September 26, 2024.[1]  ECF No. 1.  Mr. Ragan alleges violations of the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.*, and the Second Amendment to the United States Constitution, U.S. Const. amend. II, which he asserts via 42 U.S.C. § 1983.  *Id.* at 1, ¶¶ 19, 34–52.[2]  Mr. Ragan seeks declaratory and injunctive relief, as well as attorney's fees and costs.  *Id.* at ¶¶ 40–42, 48–52.  Pending before the Court is Defendants' motion to dismiss, which is fully briefed.  ECF Nos. 15, 19–20.  No hearing is necessary.  Local Rule 1015.6 (D. Md. 2023).  For the reasons set forth below, the motion to dismiss is granted.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Director of the FBI Kash Patel is automatically substituted for Christopher A. Wray and United States Attorney General Pamela Bondi is automatically substituted for Merrick Garland.

[2] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

**I.     BACKGROUND**[3]

Mr. Ragan is a 66-year-old Maryland resident who "wishes to exercise his 2nd Amendment Constitutional Right to keep and bear arms." ECF No. 1 ¶¶ 5–6, 21. In 1976, Mr. Ragan was convicted of malicious destruction of property in Maryland and was sentenced to one year imprisonment, with all but fifteen days suspended, followed by a period of probation. *Id.* at ¶ 13. At the time, this was a misdemeanor offense that under Maryland law was punishable by a maximum of three years imprisonment. *Id.* at ¶ 12. In 2017, Mr. Ragan filed a Petition for Expungement of Records regarding this charge. *Id.* at ¶ 33; ECF No. 1-5 at 1. In 2018, the District Court of Maryland for Harford County granted the petition and ordered expungement of Mr. Ragan's 1976 conviction. ECF No. 1 ¶ 33; ECF No. 1-5 at 3. As a result of his 1976 conviction, Mr. Ragan was prohibited under Maryland law from serving on a jury. ECF No. 1 ¶ 13. His right to serve on a jury was restored through Maryland's 2019 change to juror qualifications. *Id.* at ¶ 14. Mr. Ragan never lost his right to vote or serve in office. *Id.* at ¶ 16.

The FBI maintains a database known as the National Crime Information Center (NCIC), which contains information submitted by various agencies across the United States. ECF No. 1 ¶ 2. NICS is a subdivision of the NCIC that the FBI uses to determine whether a person is disqualified from possessing a firearm based on criminal history. *Id.* at ¶ 3. Mr. Ragan obtained a copy of his NICS record, which indicates that he has a conviction for a crime punishable by

---

[3] This factual summary is drawn from the allegations in the Complaint (ECF No. 1), which are accepted as true for the purposes of deciding this motion, as well as documents that are integral to the Complaint and authentic. *Goines* v. *Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016); *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The Court has included in this factual summary reference to the expungement order (ECF No. 1-5) and the FBI's response to Mr. Ragan's NICS Voluntary Appeal File request (ECF No. 1-2) because the Complaint expressly references these documents and Defendants do not contest their authenticity.

imprisonment for more than two years. *Id.* at ¶ 7. The NICS record further reflects that Mr. Ragan was arrested on September 20, 1976, for the offense of malicious destruction of property; that he received a sentence of 15 days of confinement, 24 months of probation, and $250.00 fine with restitution to the victim; and that the confinement occurred in Maryland. *Id.*

The FBI has an appeal system that allows people whose firearm purchases are delayed or denied due to information contained in the NCIC or NICS to ask the FBI to research their criminal history. *Id.* at ¶ 4. The FBI may then determine if information can be entered into the person's Voluntary Appeal File to indicate that the person is no longer prohibited from possessing a firearm under federal law. *Id.* Mr. Ragan filed such an appeal. *Id.* at ¶ 8. On March 15, 2024, Mr. Ragan received the following response:

> [The FBI] has processed your Voluntary Appeal File (VAF) request and has determined you are not eligible to be entered into the VAF. The record you matched contains information that falls under the following prohibitive category: [18 U.S.C. §§] 92l(a)(20) and 922(g)(l): "A person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year or any state offense classified by the state as a misdemeanor and is punishable by a term of imprisonment of more than two years."

*Id.* at ¶ 9; *see also* ECF No. 1-2. The FBI's response also advised "that it does not matter whether the sentence of more than one or two years was actually ordered or served; the prohibitor is based on the maximum sentence that could have been imposed upon the individual by the court." ECF No. 1-2. The FBI further noted that "some convictions which may have been . . . 'expunged' for certain purposes still qualify as 18 U.S.C. § 922(g)(1) prohibitors." *Id.*

Mr. Ragan alleges that the FBI's response "does not include any information pertaining to any investigation to determine whether [he] has substantially restored his civil rights in accordance with federal law and simply makes a superficial finding denying [him] his constitutional rights." ECF No. 1 ¶ 11. The FBI "refused to take appropriate action to remove

3

the federal firearm disability from [Mr. Ragan's] federal background check" systems. *Id.* at ¶ 22. Mr. Ragan contends that he is entitled to relief under the APA because he is being denied his Second Amendment rights due to a final decision of the FBI that failed to recognize his restoration of civil rights. *Id.* at ¶¶ 36, 46.

## II.    DISCUSSION

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Mr. Ragan failed to plausibly allege that he is allowed to lawfully possess a firearm under federal law. ECF No. 15-1. Mr. Ragan argues the opposite. ECF No. 19. Before addressing the merits of the parties' respective positions, the threshold issue of justiciability requires the Court's attention.

### A.    Standing

"Article III of the Constitution restricts federal courts to the adjudication of cases and controversies." *Friends of the Earth, Inc.* v. *Gaston Copper Recycling Corp.*, 629 F.3d 387, 396 (4th Cir. 2011). "The threshold requirement of standing is 'perhaps the most important' condition of justiciability," *Friends of the Earth, Inc.* v. *Gaston Copper Recycling Corp.*, 204 F.3d 149, 153 (4th Cir. 2000) (quoting *Allen* v. *Wright*, 468 U.S. 737, 750 (1984)), and one that the Court "must consider independently," *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004). The United States Supreme Court has instructed that "the irreducible constitutional minimum of standing contains three elements." *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff "must demonstrate (1) an 'injury in fact'; (2) a 'causal connection between the injury and the conduct complained of,' such that the injury is 'fairly traceable' to the defendant's actions; and (3) a likelihood that the injury 'will be redressed by a favorable decision.'" *Benham* v. *City of Charlotte, N.C.*, 635 F.3d 129, 134 (4th Cir. 2011)

(quoting *Lujan*, 504 U.S. at 560-561). The first element—an injury in fact—requires an invasion of a legally protected interest "that is 'concrete and particularized' and 'actual or imminent,' rather than 'conjectural or hypothetical.'" *Benham*, 635 F.3d at 135 (quoting *Lujan*, 504 U.S. at 560). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. The "manner and degree of evidence required" evolves "at the successive stages of the litigation." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.*

Mr. Ragan's pleading does not adequately allege the necessary components of standing. The Court cannot discern any injury in fact in the Complaint. To be sure, the United States Constitution protects the right of an ordinary, law-abiding citizen to possess and carry a firearm for self-defense. *New York State Rifle & Pistol Ass'n, Inc.* v. *Bruen*, 597 U.S. 1 (2022); *McDonald* v. *Chicago*, 561 U.S. 742 (2010); *District of Columbia* v. *Heller*, 554 U.S. 570 (2008). Mr. Ragan asserts that he would like to exercise his Second Amendment right "to keep and bear arms," but his Complaint does not plausibly allege how the Defendants' conduct prevents him from doing so. ECF No. 1 ¶ 5. The Complaint does not even allege that Mr. Ragan attempted to acquire or possess a firearm. *Cf. Cusick* v. *United States Dep't of Just.*, Civil Action No. TDC-22-1611, 2023 WL 5353170, at *1 (D. Md. Aug. 18, 2023) ("Here, there can be no serious dispute that Cusick has alleged a concrete injury, specifically, the denial of the firearm he sought to purchase."). Mr. Ragan does not plead factual allegations that support an identifiable injury that is concrete, particularized, and either actual or imminent.

Mr. Ragan appears to take issue with the FBI's adjudication of his Voluntary Appeal File request, and with NICS generally. ECF No. 1 at ¶¶ 10–11, 22, 36, 38–39, 46; *see also id.* at ¶ 1 ("The failure of the F.B.I. to have a reliable system in place recognizing that Plaintiff is entitled

5

to exercise his 2nd Amendment Constitutional Rights under federal law has forced Plaintiff to file this complaint."). His pleading does not, however, contain any factual allegations as to how these alleged deficiencies infringe on his Second Amendment rights, thus raising the separate question of whether any injury is "fairly traceable" to the Defendants' conduct.

Mr. Ragan's bald assertions that he "is being denied his Second Amendment Constitutional rights," *id.* at ¶¶ 36, 46, are legal conclusions that the Court is not required to accept, *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 556 (2007). A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. These unsupported declarations cannot carry Mr. Ragan's burden to plead facts that establish his standing, which is constitutionally required to invoke the Court's Article III power.

### B.  Subject Matter Jurisdiction

Further, Mr. Ragan has not sufficiently alleged that the Court has subject matter jurisdiction over his APA claim. "Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute . . . , which is not to be expanded by judicial decree." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); *see also Strawn* v. *AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) ("We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations."). Accordingly, the Court must dismiss a case "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis* v. *Thompson*, 367 F. Supp. 2d 792, 799 (D.

6

Md. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States* v. *Dalm*, 494 U.S. 596, 608 (1990) (internal quotation marks and citation omitted); *Webb* v. *United States*, 66 F.3d 691, 693 (4th Cir. 1995). In Count One of his Complaint, Mr. Ragan pleads an APA violation. ECF No. 1 ¶¶ 34–42. "The APA waives the federal government's sovereign immunity for a limited set of suits, brought by 'a person suffering legal wrong because of agency action' to obtain relief 'other than money damages.'" *City of New York* v. *United States Dep't of Def.*, 913 F.3d 423, 430 (4th Cir. 2019) (quoting 5 U.S.C. § 702). Importantly, judicial "review under the APA is available only for "final agency action *for which there is no other adequate remedy in a court*." *Randall* v. *United States*, 95 F.3d 339, 346 (4th Cir. 1996) (quoting 5 U.S.C. § 704) (emphasis in original).

To the extent Mr. Ragan seeks to redress the denial of a firearm purchase based on allegedly incorrect information in his NICS record (which is not alleged in his Complaint but a reasonable inference from his pleading), federal law provides a mechanism to raise such a challenge. Specifically, 18 U.S.C. § 925A provides that:

> Any person denied a firearm pursuant to [18 U.S.C. § 922(s) or (t)] due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by [NICS] . . . or [ ] who was not prohibited from receipt of a firearm pursuant to [18 U.S.C. § 922(g)] . . . may bring may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States . . . for an order directing that the erroneous information be corrected or that the transfer be approved.

18 U.S.C. § 925A. This existing remedy renders the APA unavailable as a vehicle to raise the same challenge.

To the extent Mr. Ragan seeks to challenge the overall accuracy and reliability of NICS, the Court of Appeals for the Fourth Circuit has found that such relief is unavailable under the APA. *City of New York* v. *United States Department of Defense*, 913 F.3d 423 (4th Cir. 2019) is instructive. There, the Fourth Circuit acknowledged that "[t]he comprehensiveness and accuracy of the NICS has been a subject of frequent debate and attention." *Id.* at 428. Nevertheless, when reviewing a challenge to "the quality of the information" in NICS that sought "to compel governmental conduct that might improve that information's accuracy or comprehensiveness," the Circuit Court held that "there is simply no basis in the APA's text for such a broad incursion into internal agency management." *Id.* at 430. This decision was rooted in the practical reality that courts are "woefully ill-suited . . . to adjudicate generalized grievances asking us to improve an agency's performance or operations." *Id.* at 431.

Mr. Ragan's challenge appears to be more circumscribed than that raised in *City of New York*. Nevertheless, it is unclear whether the FBI's resolution of his Voluntary Appeal File request constitutes "final agency action" within the meaning of the APA. The Fourth Circuit has instructed that the APA authorizes judicial review of final agency actions "that determine[e] rights and obligations," *id.* (quoting *Clear Sky Car Wash LLC* v. *City of Chesapeake, Va.*, 743 F.3d 438, 445 (4th Cir. 2014) (alteration in original), and have "an immediate and practical impact," *id.* (quoting *Golden & Zimmerman LLC* v. *Domenech*, 599 F.3d 426, 433 (4th Cir. 2010)). Therefore, "[i]t is not enough for plaintiffs to simply identify a governmental action that ultimately affected them through the 'independent responses and choices of third parties.'" *City of New York*, 913 F.3d at 431 (quoting *Flue-Cured Tobacco Coop. Stabilization Corp.* v. *United States Environmental Protection Agency*, 313 F.3d 852, 858 (4th Cir. 2002)). Further, when a plaintiff seeks to compel agency action, the APA "requires that the plaintiff identify action that is

8

'legally required,'" that is "'a specific, unequivocal command,' over which an official has no discretion." *City of New York*, 913 F.3d at 432 (quoting *Norton* v. *Southern Utah Wilderness All.*, 542 U.S. 55, 63 (2004)).  As pleaded, Mr. Ragan's APA claim does not meet any of these requirements.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 15) is granted.  A separate Order follows.

Date:  May 5, 2025                                           /s/                        
                                                          Erin Aslan
                                                          United States Magistrate Judge