UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL RAGAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-24-2771 |
| FEDERAL BUREAU OF INVESTIGATION NATIONAL INSTANT CRIMINAL BACKGROUND CHECK SYSTEM SECTION, *et al.*, | * * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

On September 26, 2024, Plaintiff Daniel Ragan initiated the above-captioned action against Defendants Federal Bureau of Investigation (FBI) National Instant Criminal Background Check System (NICS) Section, the Director of the FBI in his official capacity, and the United States Attorney General in their official capacity. ECF No. 1. The Court previously granted Defendants' motion to dismiss and provided Mr. Ragan the opportunity to amend his pleading. ECF Nos. 21–22; *Ragan* v. *Federal Bureau of Investigation Nat'l Instant Crim. Background Check Sys. Section*, Civil Action No. EA-24-2771, 2025 WL 1294920, at *1 (D. Md. May 5, 2025). Thereafter, Mr. Ragan filed an amended complaint in which he alleges violations of the Administrative Procedures Act (APA), 5 U.S.C. § 701 *et seq.*, and the Second Amendment to the United States Constitution, U.S. Const. amend. II. ECF No. 23 ¶¶ 62–118. Mr. Ragan seeks declaratory and injunctive relief, as well as attorney's fees and costs. *Id.* at ¶¶ 70–75, 86–91, 99–105, 112–118. Pending before the Court is Defendants' second motion to dismiss, which is fully briefed. ECF Nos. 26, 29, 32. No hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the motion is granted.

**I.      BACKGROUND**[1]

Mr. Ragan is a 66-year-old Maryland resident who "wishes to exercise his 2nd Amendment Constitutional Right to keep and bear firearms." ECF No. 23 ¶¶ 12–13, 46. He alleges that Defendants' actions infringe upon that right through a final decision of the FBI. *Id.* at ¶¶ 65, 96. In particular, Mr. Ragan claims that the FBI erred in finding that he was barred from possessing a firearm under 18 U.S.C. § 922(g)(1) and maintaining that finding in NICS.[2] *Id.* at ¶¶ 16, 63.

On January 6, 2023, Mr. Ragan applied to purchase a firearm through the Maryland State Police online portal. *Id.* at ¶ 6. The Maryland State Police rejected his application after completing a NICS check and receiving the response that Mr. Ragan had a "Federal prohibitor" in their system: a 1976 Maryland conviction for Malicious Destruction of Property. *Id.* at ¶¶ 2, 6. Due to the NICS result, Mr. Ragan's firearm purchase was denied, and his Handgun Qualification License was revoked. *Id.* at ¶ 6. The FBI rejected his subsequent request to correct his record, a decision which Mr. Ragan contends is incorrect as it fails to account for his restoration of rights as contemplated by 18 U.S.C. § 92l(a)(20). *Id.* at ¶¶ 24–25, 31.

---

[1] This factual summary is drawn from the allegations in the amended complaint (ECF No. 23), which are accepted as true for the purposes of deciding this motion. *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (Fed. R. Civ. P. 12(b)(6) motion); *Kerns* v. *United States*, 585 F.3d 187, 192 (4th Cir. 2009) (Fed. R. Civ. P. 12(b)(1) motion). Additional details regarding Mr. Ragan's factual allegations are set forth in the Court's prior Memorandum Opinion. ECF No. 21 at 2–4; *Ragan* v. *Federal Bureau of Investigation Nat'l Instant Crim. Background Check Sys. Section*, Civil Action No. EA-24-2771, 2025 WL 1294920, at *1-2 (D. Md. May 5, 2025).

[2] "The FBI maintains a database known as the National Crime Information Center (NCIC), which contains information submitted by various agencies across the United States. ECF No. 1 ¶ 2. NICS is a subdivision of the NCIC that the FBI uses to determine whether a person is disqualified from possessing a firearm based on criminal history. *Id.* at ¶ 3." *Ragan*, 2025 WL 1294920, at *2.

Mr. Ragan asserts that he is entitled to relief under the APA and the Second Amendment. *Id.* at ¶¶ 64, 81, 93, 109. In his original complaint, Mr. Ragan alleged an APA violation under 5 U.S.C. § 706(2)(A) and a constitutional violation pursuant to 42 U.S.C. § 1983. ECF No. 1 ¶¶ 19, 36. This Court dismissed the Complaint based on the lack of standing and subject matter jurisdiction. ECF No. 21; *Ragan*, 2025 WL 1294920, at *3-4. Mr. Ragan's amended pleading again asserts APA and Second Amendment violations. ECF No. 23. The Amended Complaint pleads four counts: (1) an APA violation under 5 U.S.C. § 706(2)(A) (Count One); (2) an APA violation under 5 U.S.C. § 706(2)(B) (Count Two); (3) a Second Amendment violation (Count Three); and (4) an APA violation under 5 U.S.C. § 706(1) (Count Four). ECF No. 23 ¶¶ 62–118. These claims stem from the alleged denial of Mr. Ragan's attempt to purchase a firearm, the alleged revocation of Mr. Ragan's handgun qualification license, the FBI's alleged refusal to correct erroneous information concerning Mr. Ragan in NICS, and the FBI's treatment of Mr. Ragan's request for a Voluntary Appeal File.[3]

## II.   DISCUSSION

Defendants move to dismiss the amended complaint for lack of standing, lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to plausibly allege that Mr. Ragan may lawfully possess a firearm under federal law pursuant to Rule 12(b)(6). ECF No. 26-1 at 13–18.[4] Mr. Ragan argues the opposite. ECF No. 29. Defendants' arguments are addressed in turn below.

---

[3] "The FBI has an appeal system that allows people whose firearm purchases are delayed or denied due to information contained in the NCIC or NICS to ask the FBI to research their criminal history. [ECF No. 1] ¶ 4. The FBI may then determine if information can be entered into the person's Voluntary Appeal File to indicate that the person is no longer prohibited from possessing a firearm under federal law. *Id.*" *Ragan*, 2025 WL 1294920, at *2.

[4] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

A.      Standing

As set forth in the prior Memorandum Opinion, the United States Supreme Court has instructed that "the irreducible constitutional minimum of standing contains three elements." *Lujan* v. *Defenders of Wildlife*, 504 U.S. 555, 560 (1992)); ECF No. 21 at 4; *Ragan*, 2025 WL 1294920, at *2. A plaintiff "must demonstrate (1) an 'injury in fact'; (2) a 'causal connection between the injury and the conduct complained of,' such that the injury is 'fairly traceable' to the defendant's actions; and (3) a likelihood that the injury 'will be redressed by a favorable decision.'" *Benham* v. *City of Charlotte, N.C.*, 635 F.3d 129, 134 (4th Cir. 2011) (quoting *Lujan*, 504 U.S. at 560-561). The first element—an injury in fact—requires an invasion of a legally protected interest "that is 'concrete and particularized' and 'actual or imminent,' rather than 'conjectural or hypothetical.'" *Id.* at 135 (quoting *Lujan*, 504 U.S. at 560). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561. The "manner and degree of evidence required" evolves "at the successive stages of the litigation." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.*

The Court previously found that Mr. Ragan had not satisfied the standing requirement because he had not alleged that he had suffered a particularized injury. ECF No. 21 at 5; *Ragan*, 2025 WL 1294920, at *3. The Amended Complaint alleges that Mr. Ragan attempted to purchase a firearm on January 6, 2023, but the purchase was denied because of the derogatory information contained in NICS. ECF No. 23 ¶ 6. Because the denial of a specific attempt to purchase a firearm constitutes an injury in fact, Mr. Ragan has adequately alleged the necessary components of standing.[5] *E.g.*, *Cusick* v. *United States Dep't of Just.*, Civil Action No. TDC-22-

---

[5] Defendants contend that Mr. Ragan's Amended Complaint contains factual inconsistencies as to whether he was denied a firearm purchase or denied a Handgun Qualification License. ECF No. 26-1 at 15. Regardless, Mr. Ragan's Amended Complaint

4

1611, 2023 WL 5353170, at *3 (D. Md. Aug. 18, 2023) ("Here, there can be no serious dispute that Cusick has alleged a concrete injury, specifically, the denial of the firearm he sought to purchase.").

### B.   Subject Matter Jurisdiction

Mr. Ragan has not, however, plausibly alleged that the Court has subject matter jurisdiction over his APA claims. As set forth in the prior Memorandum Opinion, "[f]ederal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute . . . , which is not to be expanded by judicial decree." *Kokkonen* v. *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted); ECF No. 21 at 6; *Ragan*, 2025 WL 1294920, at *3. Accordingly, the Court must dismiss a case "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis* v. *Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States* v. *Dalm*, 494 U.S. 596, 608 (1990) (internal quotation marks and citation omitted); *Webb* v. *United States*, 66 F.3d 691, 693 (4th Cir. 1995). Mr. Ragan pleads APA violations in Counts One, Two, and Four of his Amended Complaint. ECF No. 23 ¶¶ 61–91, 106–118. "The APA waives the federal government's sovereign immunity for a limited set of suits, brought by 'a person suffering legal wrong because of agency action' to obtain relief 'other than money damages.'" *City of New York* v. *United States Dep't of Def.*, 913 F.3d 423, 430 (4th Cir. 2019) (quoting 5 U.S.C. § 702). Importantly, judicial "review under the APA is available only for 'final agency action *for which*

---

alleges that both events occurred. ECF No. 23 ¶ 33. As Defendants acknowledge, Mr. Ragan's allegations therefore satisfy the injury-in-fact requirement of Article III standing. ECF No. 26-1 at 15.

*there is no other adequate remedy in a court.*'" *Randall* v. *United States*, 95 F.3d 339, 346 (4th Cir. 1996) (quoting 5 U.S.C. § 704) (emphasis in original).

This Court previously found it lacked subject matter jurisdiction over Mr. Ragan's APA claims because another statutory remedy exists to redress allegedly incorrect information in Mr. Ragan's NICS record. ECF No. 21 at 7; *Ragan*, 2025 WL 1294920, at *4. As this Court explained previously, 18 U.S.C. § 925A provides that:

> Any person denied a firearm pursuant to [18 U.S.C. § 922(s) or (t)] due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by [NICS] . . . or [ ] who was not prohibited from receipt of a firearm pursuant to [18 U.S.C. § 922(g)] . . . may bring may bring an action against the State or political subdivision responsible for providing the erroneous information, or responsible for denying the transfer, or against the United States . . . for an order directing that the erroneous information be corrected or that the transfer be approved.

ECF No. 21 at 7; *Ragan*, 2025 WL 1294920, at *4. Mr. Ragan argues that his APA claims challenge the FBI's rejection of his application to correct the NICS information, not the denial of the firearm application itself. ECF No. 29 at 4. Section 925A, however, exists to address "the provision of erroneous information . . . by [NICS]." 18 U.S.C. § 925A(1). Mr. Ragan's attempts to distinguish the remedy available under Section 925A are unavailing. Mr. Ragan's contention that his NICS record contains erroneous information is the heart of his claim. ECF No. 29 at 4 (arguing that his APA claims go to Defendants' "refusal . . . to correct erroneous information in the National Instant Criminal Background Check System (NICS)"). The existing remedy under § 925A renders the APA unavailable as a vehicle to raise the same challenge.

### C.     Failure to State a Claim

Defendants argue that Mr. Ragan has failed to state a claim that his Second Amendment rights have been violated because he has not alleged sufficient facts to prove he falls within an exception to 18 U.S.C. § 922(g). ECF No. 26-1 at 17. Mr. Ragan argues that he has set forth a

6

cognizable Second Amendment claim due to the Defendants' refusal to recognize his restoration of rights under 18 U.S.C. § 92l(a)(20), and such a recognition would preclude his conviction from falling within the disqualifying category under 18 U.S.C. § 922(g).  ECF No. 29 at 8.

The "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).  The same does not hold true for legal conclusions.  *Id.; Twombly*, 550 U.S. at 555.  A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Mr. Ragan has not identified a cause of action to advance his Second Amendment claim.  His Amended Complaint appears to rely on *Ex Parte Young*, 209 U.S. 123 (1908).  ECF No. 23 ¶ 99.  That case does not, however, supply vehicle to raise a constitutional claim.  *Ex Parte Young* dealt with an exception to state sovereign immunity, a subject that is not at issue in this

suit against federal actors. 209 U.S. at 159-160. Mr. Ragan's original complaint raised this constitutional challenge via 42 U.S.C. § 1983. ECF No. 1 at 1. Section 1983 imposes liability on a person who deprives any other person of any right, privilege, or immunity secured by the Constitution and laws while acting under color of law "of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. This statute "is of only limited scope" and "does not reach . . . actions of the Federal Government." *District of Columbia* v. *Carter*, 409 U.S. 418, 424 (1973); *see also Owens* v. *Clark*, No. 87-7365, 1988 WL 21260, at *1, 842 F.2d 1291 (Table) (4th Cir. March 7, 1988); *Curtis* v. *Pracht*, 202 F. Supp. 2d 406, 418 (D. Md. 2002). As these cases make clear, to the extent Mr. Ragan's Second Amendment claim is premised on Section 1983, it fails because the statute does not encompass actions of the federal government or its officers.

A plaintiff seeking to bring a constitutional claim against a federal actor may sometimes rely on *Bivens* v. *Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Ragan does not advance a *Bivens* claim and any attempt to do so would be unavailing because the Supreme Court has not recognized a Second Amendment claim under *Bivens* and Mr. Ragan has filed suit against a federal agency, as opposed to an individual federal official. *E.g.*, *Head* v. *United States*, Civil Action No. BAH-22-238, 2024 WL 520037, at *6 (D. Md. Feb. 9, 2024); *Straw* v. *United States Dep't of State*, Civil Action No. ELH-19-2294, 2020 WL 2490022, at *11 (D. Md. May 14, 2020), *aff'd sub nom.*, 813 Fed. Appx. 108 (4th Cir. 2020).

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 26) is granted. A separate Order follows.

Date: October 3, 2025                                      /s/
                                                                    Erin Aslan
                                                                    United States Magistrate Judge